

Signed and Filed: June 23, 2005

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>SAVIO RODNEY HALAPIO and,<br>SOANA TAAKE TUILOKOMANA HALAPIO,<br><br>Debtors. | Case No. 04-30907 TEC7<br>Chapter 7<br><br>Adv. No. 05-3253 TC |
| SAVIO RODNEY HALAPIO and,<br>SOANA TAAKE TUILOKOMANA HALAPIO,<br>Plaintiffs,<br>vs.<br>MARIE FINAU,<br>Defendant. | Date: June 14, 2005<br>Time: 9:30 a.m.<br>Ctrm: Hon. Thomas E. Carlson<br>235 Pine Street<br>San Francisco, CA |

### MEMORANDUM DECISION

This action came to trial on June 14, 2005. Linnea N. Willis appeared for creditor Maria Finau (Finau). Howard L. Hibbard appeared for debtors Savio and Soana Halapio (Debtors). Upon due consideration, and for the reasons stated below, I hereby determine that Finau has a $20,000 interest in the real property at 1279 Carlton Avenue, Menlo Park, California, but decline to award

MEMORANDUM DECISION -1-

the additional damages sought by Finau.

**FACTS**

In July 2002, Debtors had seven children and had recently been evicted from their home. They wanted to buy a house, but their credit history made it impossible to do so directly. They approached a number of relatives, offering a $10,000 interest to anyone who would let Debtors use the relative's credit to enable Debtors to buy a house. Finau, who is a cousin of Soana Halapio, agreed to do so.

The arrangement agreed upon was as follows. Finau would buy the house in her name. Debtors would supply the down payment and make all mortgage and tax payments. At some time, Debtors would arrange to refinance or sell the property. At that point, Finau would transfer title and would be paid the promised $10,000. Debtors would receive title if the transaction was a refinance, and would receive the proceeds in excess of $10,000 if the transaction was a sale.

The arrangement was not completed as described above for several reasons.

First, Finau did not qualify for the needed loan. Debtor Savio Halapio, a licensed real estate salesperson, sent Finau the loan application forms to complete, which she did. Real Loans, the loan broker Savio was using, advised him that Finau did not qualify for a large enough loan. Someone at Real Loans then suggested that Real Loans could arrange a loan by creating a false loan application. Savio went along with the scheme and obtained the needed loans in the name of Finau. There is no evidence that Finau knew about the scheme.

Second, Savio submitted offers and loan applications regarding two properties. He did so because he needed a house quickly and did not know whether either would be accepted. He closed both transactions because he would suffer certain monetary penalties if he did not. It is not clear the extent to which he described these details to Finau, who ended up signing two secured promissory notes and purchasing two properties. The two properties are: 1279 Carlton Avenue, Menlo Park; and 1324 Modoc Avenue, Menlo Park.

Third, shortly after the purchase of the two properties closed, Savio caused Finau to transfer title to both properties to Debtors via grant deeds. There is no evidence that Savio explained to Finau the significance of the deeds he caused Finau to sign. Savio had acted as Finau's broker in the purchase of both properties and received commissions for his services regarding both properties.

Fourth, Debtors did not make the required mortgage and tax payments. The Modoc Avenue property was lost in a non-judicial foreclosure sale. The lender has not attempted to collect any deficiency. The Carlton Avenue property went into default, but has not yet been sold in foreclosure. A consensual sale is pending, but has not closed because of a *lis pendens* recorded regarding Finau's claims.

Fifth, Debtors filed a chapter 13 case sometime prior to April 2004 in an effort to save the properties. Because Finau was the borrower on the two properties, her name appeared on a credit report as having filed a bankruptcy. Finau was working for the Redwood City government as a probationary employee in April 2004. In her employment application, she stated she had never filed bankruptcy.

**MEMORANDUM DECISION** -3-

When the credit report noted above was brought to the attention of the City, Finau was fired.  Although Finau and Debtors wrote letters explaining the loan transaction and stating that Finau had not filed a bankruptcy petition, Finau was not reinstated.  Finau found a new job four months later at a higher salary.  She lost approximately $15,000 in lost wages during her four months of involuntary unemployment.

Sixth, Debtors filed the current chapter 7 case on April 2, 2004.  It is undisputed that Finau had neither formal notice nor actual knowledge of the bankruptcy before the deadline for filing a complaint to determine dischargeability.  It is also undisputed that this is a no-asset case in which the trustee made no distributions to general unsecured creditors.

In this action, Finau seeks a monetary award against Debtors and a determination that Debtors' liability is excepted from discharge pursuant to section 523 of the Bankruptcy Code.  Finau filed a related action in state court, and recorded a *lis pendens* regarding the Carlton Avenue property in connection with that action.  The state-court action has not yet gone to trial.

**DISCUSSION**

*Loss of Employment and Injury to Credit*

Finau first seeks damages for her lost employment and for injury to her credit rating resulting from the unfortunate events described above.  I decline to make any award to Finau on these claims.  With respect to the alleged injury to her credit rating, I find that Finau failed to submit sufficient evidence of damages.  With respect to Finau's claim for lost employment, I find that Finau's losing her job was not a legally foreseeable consequence of

**MEMORANDUM DECISION** -4-

any of the Debtors' acts. Furthermore, any such liability that I might impose on that claim could be held nondischargeable only under section 523(a)(6) as willful and malicious injury. There is no evidence that Debtors subjectively intended to injure Finau. The required malice could be inferred only if Debtors subjectively knew that injury would necessarily result from their acts. Carrillo v. Su (In re Su), 290 F.3d 1140 (9th Cir. 2002). I find that Debtors had no such knowledge.

***Loss of Real Property***

Finau next contends that Savio tricked her into conveying the two properties to Debtors and that she should be awarded the full value of those properties. This claim is persuasive in part and unpersuasive in part.

Finau has no claim to the full value of the properties, because the parties agreed she would hold bare legal title and that she would have an equitable interest of only $10,000 in each property. Debtors, who paid whatever down payment was made and promised to pay the mortgage and taxes, were the beneficial owners of any remaining equity in the properties.

Debtors acknowledge that they currently owe Finau $20,000 for her interests in the two properties.

I determine that this $20,000 obligation is nondischargeable as to Savio under section 523(a)(4). In acting as broker for Finau in the purchase of the properties, Savio had a fiduciary duty to take care that she received her full interest in each property. By taking title to the properties from Finau shortly after the purchase without giving Finau a lien to preserve her $10,000 interest in each property, Savio deprived Finau of any sure way to

**MEMORANDUM DECISION** -5-

preserve the property interest she was supposed to enjoy. This is something that Savio, acting as a broker for Finau in the transaction in which Finau obtained her interest, could not do without the clearest of warnings to Finau. Although I do not believe that Savio intended to defraud Finau, I believe that he misapplied property he had been entrusted to handle in a fiduciary capacity. That misapplication was a defalcation by a fiduciary within the meaning of section 523(a)(4). There is no basis to hold the debt nondischargeable as against Soana Halapio.

I further determine that the Carlton Avenue property was impressed with a resulting trust from the moment that property was conveyed from Finau to Debtors, for the purpose of paying Finau her $20,000 property interest. This is so because both parties intended that Finau enjoy a $20,000 interest in the two properties, because Savio while acting as a fiduciary was directly responsible for the failure to preserve that interest, and because Savio would otherwise benefit to Finau's detriment. Under the resulting trust, Debtors never owned the first $20,000 of equity in that property. Thus, such value is not subject to any homestead exemption, and full title to the property may not be conveyed by Debtors without first paying that interest, except upon the written consent of Finau or order of this court. Because the interest was payable only upon sale or refinance, neither of which has yet occurred, there is no interest now due on the $20,000 sum.

***Possible Deficiency Claim***

Finau also seeks to recover from Debtors the full amount of both promissory notes, on the theory that she is liable to repay them. This argument is unpersuasive. The lender on the Modoc

**MEMORANDUM DECISION** -6-

Avenue property completed a non-judicial foreclosure, and the evidence indicates that the lender on the Carlton Avenue property will also proceed via non-judicial foreclosure. The circumstances in which a lender can obtain any monetary relief after a non-judicial foreclosure are extremely limited. If that comes to pass, Finau can seek to amend this judgment on the basis of evidence that could not have been presented at this trial.

**\*\*END OF MEMORANDUM\*\***

Case: 05-03253    Doc# 15    Filed: 06/23/05    Entered: 06/24/05 10:07:03    Page 7 of 8

1 | **<u>Court Service List</u>**
---|---
2 | Howard L. Hibbard
  | Law Offices of Howard L. Hibbard
3 | 22693 Hesperian Blvd. #210
  | Hayward, CA 94541
4 |
  | Linnea N. Willis
5 | Law Offices of Linnea N. Willis
  | 25930 Kay Ave, Suite #209
6 | Hayward, CA 94545-2600
7 | Linnea N. Willis
  | Law Offices of Linnea N. Willis
8 | 7677 Oakport Street, suite 1050
  | Oakland, CA 94621
9 |
  | E. Lynn Schoenmann
10 | 800 Powell Street
   | San Francisco, CA 94108
11 |
   | Office of the U.S. Trustee
12 | 235 Pine Street, Suite 700
   | San Francisco, CA 94104
13 |